**In the Matter of George D. PHILLIPS and Theda Clara Phillips, Bankrupts.**

**KANSAS CITY PRINTING SPECIALTIES AND PAPER PRODUCTS UNION, LOCAL 639, Appellee,**

v.

**George D. PHILLIPS, Appellant.**

**No. 78–1377.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1978.

Decided March 9, 1979.

Richard E. Duggan of Duggan, Keleher & Svetlic, Kansas City, Mo., on brief, for appellant.

David M. Rhodus and John R. Cockle of Morris, Larson, King, Stamper & Bold, Kansas City, Mo., on brief, for appellee.

Before LAY and HEANEY, Circuit Judges, and HANSON,* Senior District Judge.

PER CURIAM.

This is an appeal from the order of the district court[1] affirming a bankruptcy judge's finding that a debt in the form of a state court judgment against George D. Phillips in the amount of $13,772.93 is not dischargeable under Section 17(a)(4) of the Bankruptcy Act, 11 U.S.C. § 35(a)(4)[2] because judgment was based on Phillips' embezzlement of funds from the appellee Union while the former was a Union officer.

The bankruptcy judge dismissed the complaint against Mrs. Phillips and no issue remains with respect to her.

The judgment in question was a default judgment entered in the Jackson County, Missouri Circuit Court in favor of the Union. The judgment, which was admitted into evidence before the bankruptcy judge, does not state the basis of the cause of action, but does recite that upon the pleadings and evidence "the Court finds . . . the issues on plaintiff's petition in favor of plaintiff and against defendant . . ." To determine the issues found in favor of the Union, the bankruptcy judge reviewed "[t]he pleadings behind the state judgment," specifically, the Union's state court petition which, the bankruptcy judge observed, "made it abundantly clear that the tort involved was based on embezzlement of union funds . . ." The bankruptcy judge had before him the state court petition filed by the Union against Phillips, though it was not formally received in evidence. Thus, the bankruptcy judge appeared to take judicial notice of the state court pleadings.

On appeal to the district court, Phillips maintained, *inter alia*, that the bankruptcy judge erroneously went outside the record to take judicial notice of the Union's state court petition in order to determine the nature of the debt created by the default judgment. The district court declined to reverse the bankruptcy court's finding of non-dischargeability on this ground. Prior to doing so, the district court, through a show cause order, afforded Phillips an opportunity to contest the propriety of taking judicial notice of the state court petition. *See* Rule 201(e), F.R.Evid. Notwithstanding this opportunity, the district court noted that Phillips "has never questioned the authenticity of the photocopy of the state court petition attached to [the Union's] complaint [in bankruptcy court] of March 11, 1976 and again attached to this Court's Order to Show Cause dated April 5, 1978."

* The Honorable William C. Hanson, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

2. Section 17(a)(4) provides:
   (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity.

358

The district court accordingly took judicial notice of the state pleading in its review. See Rule 201(f), F.R.Evid.; J. Weinstein & M. Berger, 1 Weinstein's Evidence ¶ 201[06]. Nor, we note, does Phillips raise any question as to the contents of the state petition in this Court.

On appeal Phillips raises only the issue of whether it was permissible for the bankruptcy judge and district court to judicially notice the pleading referred to in the state judgment entry offered into evidence.

We have carefully reviewed the briefs of the parties and the record and are of the opinion that the district court's order should be affirmed on the basis of Judge Hunter's well-reasoned analysis. No substantial issue concerning the propriety of judicial notice is raised in this Court in the absence of a dispute over the fact judicially noticed, here the contents of a state court pleading. Moreover, as Judge Hunter noted, there is other substantial evidence on which to sustain the bankruptcy judge's finding that the judgment was a non-dischargeable debt based on embezzlement, including Phillips' own testimony at the bankruptcy hearing and Phillips' guilty plea to related criminal charges.

Affirmed.